CHIEF JUSTICE McGRATH,
dissenting.
¶37 Occasionally there are cases that demonstrate the inadequacies of our courts to appropriately resolve highly contested family disputes involving the custody and placement of innocent children. That is particularly true when parents are determined to misuse our adversary system of dispute resolution to persist in a litigation posture designed to assign blame and settle grudges, for real or perceived misconduct, of the other parent by undermining and denigrating the former spouse. Final resolution of such disputes can take years; meanwhile, the children suffer the consequences of the parents’ inappropriate behavior. The best interest of the child is relevant only to the extent that it provides “a slogan” for the parties to pursue their own selfish interests.
¶38 This is clearly one of those cases. A.E.B. has endured years with this dispute dominating her young life.
¶39 At this point in time, A.E.B. is sixteen years old and capable of making her own decisions regarding the course of her life until she reaches eighteen. Who are we to tell her she has made the wrong decision?
¶40 Appellant’s motion to amend the parenting plan was filed on April 21, 2014. The District Court’s decision was filed on June 13, 2016. For various reasons, it has taken over two (now almost three) years to resolve the motion. During that time A.E.B. has grown and matured—a significant period of development that the Courts have not recognized.
¶41 The decision of the District Court, in my view, was not in the best interest of this child.
¶42 I dissent.